IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL NATIONAL MORTGAGE ASSOCIATION,<br><br>       Plaintiff,<br><br>  v.<br><br>CRISTINA LOPEZ,<br><br>       Defendant.<br>                                            / | No. C 11-00451 WHA<br><br>**ORDER REMANDING CASE TO STATE COURT AND VACATING HEARING** |

**INTRODUCTION**

In this action for unlawful detainer following a foreclosure sale, defendant removed the action from state court and plaintiff seeks remand. This order finds that removal was improper, but not for any of the reasons set forth by plaintiff. Because this district court lacks removal jurisdiction, this order grants plaintiff's motion to remand.

**STATEMENT**

Plaintiff Federal National Mortgage Association filed this action in July 2010, in the California State Superior Court in San Joaquin County. FNMA's complaint alleges the following. Pursuant to a foreclosure sale, FNMA owns and is entitled to possession of real property located at 468 Homestead Avenue, Lathrop, CA, 95330. The former owners of the property, however, have refused to deliver up possession and continue to possess it as holdover occupants. Based on these factual allegations, the complaint claimed the following relief:

(1) restitution of the property; (2) damages at the rate of $30.00 per day from July 30, 2010, until the date that judgment is entered; and (3) costs of the action. Pro se defendant Christina Lopez was not named in the original complaint, which instead named two other defendants and ten Does (Dkt. No. 1-1).

On January 28, 2011, Lopez removed the action to federal court pursuant to 28 U.S.C. 1331. Lopez stated that the removal was based upon federal-question jurisdiction. Specifically, Lopez "strongly believes she has been discriminated [*sic*] and that [FNMA] has violated federal law" in that FNMA "failed to provide the defendant with a 90 day notice to quit, by federal law passed in 2009 of May [*sic*], call [*sic*] S.896 SEC.702 EFFECT OF FORECLOSURE ON PREEXISTING TENANCY [*sic*]" (Dkt. No. 1 at 2).

A month later, FMNA filed the instant motion to remand. A hearing on the motion was noticed for April 28, 2011, meaning that Lopez's opposition or statement of non-opposition to the motion was due on April 7. No such filing was made. Nonetheless, this order finds that this court is without removal jurisdiction and that the only proper course of action is remand.

**ANALYSIS**

A defendant may remove a civil action from state court to federal court if original jurisdiction would have existed in the federal court at the time the complaint was filed. 28 U.S.C. 1441(a). There is a strong presumption against removal jurisdiction, and the defendant always has the burden of establishing that removal is proper. *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009). Here, defendant Lopez's notice of removal does not establish that removal is proper.

Lopez based her removal on federal-question jurisdiction.[1] United States district courts have original federal-question jurisdiction "of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. 1331. An action "arises under" federal law only if the federal question appears on the face of the complaint. Removability "cannot be created by defendant pleading a counter-claim presenting a federal question." *Takeda v. Northwestern Nat'l*

---

[1] Bizarrely, FNMA's memorandum of points and authorities in support of its motion to remand acknowledges that the removal was based on federal-question jurisdiction but does not address federal-question jurisdiction at all. Instead, all three of the arguments in FNMA's brief focus on diversity jurisdiction.

2

*Life Ins. Co.*, 765 F.2d 815, 821–22 (9th Cir. 1985). Here, the complaint does not plead any claims arising under federal law. Accordingly, there was no original federal-question jurisdiction. Lopez points to her own "strong belief" that plaintiffs violated federal law as the supposed source of federal-question jurisdiction, but such a counterclaim cannot establish jurisdiction for purposes of removal. The removal based on federal-question jurisdiction was improper.

A removal based on diversity jurisdiction also would have been improper. United States district courts have original diversity jurisdiction "of all civil actions where the matter in controversy exceeds the sum or value of $75,000" and is between parties of diverse citizenship. 28 U.S.C. 1332. Here, FNMA seeks monetary damages of only thirty dollars per day since July 30, 2010. At present, that sum has run to only approximately $7,700, which is an order of magnitude less than the statutory minimum. Furthermore, both plaintiff and defendant identify themselves as citizens of California (Dkt. No. 1 at 2; Dkt. No. 1-1 at 4). There is no diversity jurisdiction.

This order concludes that removal jurisdiction does not exist. Accordingly, plaintiff's motion to remand must be granted.

## CONCLUSION

Plaintiff's motion to remand is **GRANTED**. The action is **REMANDED** to the California State Superior Court in San Joaquin County. The Clerk shall forward the file. The hearing set for April 28, 2011, is **VACATED**.

**IT IS SO ORDERED.**

Dated: April 15, 2011.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

3